Abraham N. Geller, J.
Motion for a special preference, pursuant to CPLR 3403, of the issue of validity of a disclaimer of coverage raised in an application for a stay of arbitration demanded under an uninsured automobile policy indorsement, is denied.
While there might appear to be support for the view that such triable issues of fact in a special proceeding ‘ ‘ shall be tried forthwith” (CPLR 410), the revisers indicated in their report that this was not intended to establish a hard-and-fast rule: “It is contemplated that special proceedings would be given preference on trial calendars, depending upon their nature.” The nature of the issue here involved does not call for a trial earlier than the usual issues on the general nonjury calendar of this court.
A personal injury claimant faced with a disclaimer of coverage by the insurer of the other automobile should file the necessary papers to preserve the claim for arbitration against the insurer of his own automobile under the uninsured automobile policy indorsement and, when a proceeding to determine the issue of disclaimer and the right to arbitration has been instituted, he should promptly commence an action against the driver and owner of the other automobile, which will be dis *517 continued upon an adjudication in the special proceeding of validity of the disclaimer and that the arbitration shall proceed, but will be continued upon an adjudication of invalidity of the disclaimer with the consequence that there would be no right to arbitration. In this manner the claimant would not suffer any undue delay in bringing his claim to a conclusion beyond that borne by the usual personal injury claimant and would obtain an earlier disposition if the disclaimer were found in the more expeditious special proceeding to be valid.
In any event tin. practice of this court has been not to grant a special trial preference for a day certain, in the absence of special circumstances, to any of the numerous arbitration proceedings involving the uninsured automobile indorsement which require trial by the court of issues of fact, but rather to place them in order on the general nonjury calendar.